UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAN KOWALSKI, | ) | Case Nos. |
| | ) | 19-cv-2126 |
| | ) | 19-cv-2128,  19-cv-2131 |
| | ) | 19-cv-2132,  19-cv-2133 |
| Appellant, | ) | 19-cv-2557,  19-cv-2812 |
| | ) | 19-cv-2888,  19-cv-2889 |
| v. | ) | 19-cv-3041,  19-cv-3098 |
| | ) | |
| GUS A. PALOIAN, | ) | |
| | ) | Judge Jorge L. Alonso |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

Appellant Jan Kowalski ("Kowalski"), an attorney, has filed eleven appeals from interlocutory orders entered by the Bankruptcy Judge in an adversary proceeding brought by the Trustee in connection with a bankruptcy petition filed by Kowalski's brother, Robert Kowalski ("Robert"). When Kowalski refused to answer questions with respect to assets the Bankruptcy Judge concluded belonged to the bankruptcy estate, the Bankruptcy Judge held Kowalski in civil contempt. On May 23, 2019, the Bankruptcy Judge released Kowalski from civil contempt.

Before the Court are: (1) threshold questions about the Court's jurisdiction to consider appellant's interlocutory appeals; (2) motions to stay orders entered by the Bankruptcy Judge; (3) habeas corpus petitions; (4) motions for extension of time; and (5) petitions for leave to proceed *in forma pauperis*.

I.   **Background**

On February 4, 2019, appellee Gus A. Paloian ("Paloian"), as Trustee for the bankruptcy estate, filed an adversary proceeding with the bankruptcy court. In his complaint, the Trustee

alleged that Robert filed, on March 29, 2018, a bankruptcy petition under Chapter 11, which petition was later converted to Chapter 7. The Trustee alleged that, between September 7, 2018 and October 25, 2018, Kowalski deposited into her IOLTA client trust account 36 cashier's checks made out to Robert, for a total of $352,166.35 in deposits. The Trustee further alleged that between September 5, 2018 and October 29, 2018, Kowalski purchased cashier's checks from her IOLTA client trust account payable to Robert, for a total of $314,417.95 in cashier's checks. In addition, the Trustee alleged that, between November 13, 2018 and November 30, 2018, Kowalski made eighteen withdrawals of cash from her IOLTA client trust account in amounts that totaled $201,500.00. The Trustee alleged that the withdrawn cash was traceable to the cashier's checks that were made out to Robert and that Kowalski deposited.

The Trustee argued that the cash was the property of the bankruptcy estate and moved for a temporary restraining order and preliminary injunction. On February 15, 2019, the Bankruptcy Judge, Judge Cox, granted the Trustee's motion for preliminary injunction and entered an order that "RESTRAINED [Kowalski] from disposing of the $201,500.00 at issue directly or indirectly." (Adversary Proceeding 19-ap-66, Docket [8] at 5). The injunction was set to expire March 1, 2019 at 5:00 p.m., if not otherwise extended. Kowalski has not filed a notice of appeal with respect to the February 15, 2019 order (which was later terminated, in any event).

On or about February 20, 2019, Judge Cox held an evidentiary hearing. In her February 20, 2019 order, Judge Cox found:

> On February 20, 2019, the respondent, Jan Kowalski committed one act of direct civil contempt. Jan testified that on or about January 2019 she withdrew approximately $250,000.00 from her IOLTA account at Bank of America and made a capital investment in a business venture involving real estate property in Will County, Illinois. When asked by the Chapter 7 Trustee and subsequently by this court the identity of the client or entity that received the approximately $250,000, Jan refused to answer.

(Adversary Proceeding 19-ap-66, Docket [14] at 2). According to Kowalski, Kowalski had testified that the funds deposited into her IOLTA account were "earned" attorney's fees, which she spent on "household expenses, car purchase and investment with a client." (Case 19-cv-2128, Docket [6] at 4). According to Kowalski, she "was unable to disclose the identity of her client, not having a waiver of the attorney-client privilege from her client." (Case 19-cv-2128, Docket [6] at 4). Judge Cox found Kowalski to be in direct civil contempt and ordered:

> The appropriate punishment is incarceration until the aforesaid contempt is purged, as the court deems appropriate. The respondent, Jan Kowalski, may purge her contempt by disclosing 1) the identity of the client or entity that received the approximately $250,000 and 2) the identity of the client or entity involved in the business venture.

(Adversary Proceeding 19-ap-66, Docket [14] at 2). Kowalski was remanded to the custody of the federal Marshal. On March 21, 2019, Kowalski filed a notice of appeal as to the February 20, 2019 Contempt order, which is the subject of case no. 19-cv-2126.[1]

On February 21, 2019, Judge Cox entered an order that terminated the February 15, 2019 order. In addition, the February 21, 2019 order stated:

> Jan . . . was called as a witness . . . . During the course of her examination she clarified that she withdrew approximately $250,000 from her IOLTA account, not the $201,500 alleged by the Trustee. Jan claimed that she invested the approximately $250,000 in a business venture with a business partner involving 63 parcels of real estate in Will County, IL.

(Adversary Proceeding 19-ap-66, Docket [18] at 2). Judge Cox also restrained Kowalski from "disposing of the approximately $250,000 at issue directly or indirectly" and set the order to expire March 6, 2019 at noon, unless otherwise extended. (Adversary Proceeding 19-ap-66,

---

[1] Kowalski's notice of appeal is deemed filed on March 21, 2019, pursuant to the prison mailbox rule. *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015).

Docket [18] at 2-3). On March 21, 2019, Kowalski filed a notice of appeal as to the February 21, 2019 order, which is the subject of case no. 19-cv-2128.[2]

Judge Cox held another hearing on March 6, 2019. She found:

> Jan Kowalski took the stand and testified under oath in open Court that she had given the approximately $250,000 to a person known as Lawrence Lis, and she had done so on two occasions, once is December 2018 and once in January 2019, with each transaction happening in the bedroom of her house . . .

(Adversary Proceeding 19-ap-66, Docket [38] at 1). Based on Kowalski's testimony, Judge Cox issued an order on March 6, 2019 that released Kowalski from custody and ordered Kowalski not to have any contact with Lawrence Lis. (Adversary Proceeding 19-ap-66, Docket [26]). On March 21, 2019, Kowalski filed a notice of appeal with respect to the March 6, 2019 order (as to not contacting Lis), which is the subject of case no. 19-cv-2133. In addition, Judge Cox, on March 6, 2019, entered an order extending the restraint on Kowalski not to dispose of the $250,000. (Adversary Proceeding 19-ap-66, Docket [27]).

In the meantime, the United States Attorney had taken an interest in Robert's bankruptcy. It seems Kowalski was arrested (on charges of bankruptcy fraud) on March 11, 2019 outside Judge Cox's courtroom, where Kowalski was present in connection with a hearing on her attorney's motion to withdraw. Judge Cox granted the motion to withdraw, and Kowalski filed, on March 21, 2019, a notice of appeal, which is case no. 19-cv-2131. In her notice of appeal, Kowalski complains about her arrest, but the only order Judge Cox entered March 11, 2019 was one granting the motion to withdraw.

On March 20, 2019, Judge Cox held another hearing, at which Lawrence Lis, who had been subpoenaed by the Trustee, testified. Judge Cox found:

---

[2] Plaintiff's notice of appeal is handwritten, but it appears that she is appealing the February 21, 2019 order.

4

> Mr. Lis denied that [sic] received the approximately $250,000 from Jan Kowalski. His testimony was credible. Thus, Jan Kowalski has not answered the question posed by the Court and Trustee's counsel to identify the location of the approximately $250,000. She has not purged her contempt. She also offered false testimony under oath to be released from incarceration.

(Adversary Proceeding 19-ap-66, Docket [38] at 2). Judge Cox found Kowalski in civil contempt. She ordered Kowalski into the custody of the Marshals service and ordered that Kowalski could "purge her contempt by disclosing the location of or recipient of the approximately $250,000.00." (Adversary Proceeding 19-ap-66, Docket [38] at 2). On March 21, 2019, Kowalski filed a notice of appeal with respect to this March 20, 2019 order, which is the subject of case no. 19-cv-2132. Also on March 20, 2019, Judge Cox extended to April 24, 2019 the order enjoining Kowalski from disposing of the $250,000. (Adversary Proceeding 19-ap-66, Docket [39] at 2).

By that time, Kowalski had posted bond in her criminal case, and Judge Gilbert approved the terms of her release. (19-cr-226, Docket [30]). She remained in the custody of the U.S. Marshal not because of her criminal case but because of the civil contempt order signed by the Bankruptcy Judge.

Judge Cox held another hearing on April 3, 2019. Judge Cox described it as follows:

> On April 3, 2019, Jan Kowalski asserted her Fifth Amendment Right to remain silent but she later waived it by testifying, in part, that she is unable to turnover the $250,000 because the money was stolen. The Court does not find that testimony to be credible.

(Adversary Proceeding 19-ap-66, Docket [67] at 2). According to Kowalski, she "testified (against the advice of counsel) as to the theft of Attorney Kowalski's earned fees, computer and alcohol from her office while she was jailed from 2/20-3/7." (Case No. 19-cv-3041, Docket [6] at 7). On April 3, 2019, Judge Cox entered an order noting that Kowalski had failed to purge her civil contempt and was still in civil contempt. (Adversary Proceeding 19-ap-66, Docket [64]).

On April 3, 2019, Kowalski filed an appeal as to the April 3, 2019 order, which is the subject of case no. 19-cv-2557. Judge Cox entered an expanded order to the same effect on April 9, 2019. In it, Judge Cox ordered:

> Jan's incarceration is necessary to coerce compliance. This matter is continued through April 17, 2019 at 10:00 a.m. Jan may purge her contempt by (1) turning over the $250,000 to the Chapter 7 Trustee and (2) identifying the entity or the client that received the $250,000.

(Adversary Proceeding 19-ap-66, Docket [67] at 2). On April 18, 2019, Kowalski filed a notice of appeal as to the April 9, 2019 order, which is the subject of case no. 19-cv-2812.[3]

Judge Cox held the next hearing on April 17, 2019. On April 18, 2019, she entered an order that said, among other things:

> On April 17, 2019, Jan Kowalski appeared before this Court. She argued that she has purged her contempt or has otherwise complied to the best of her ability. She explained that on or about February 20, 2019, she placed $250,000 in cash inside of a lockbox the size of a toaster at her office at 1918 W. Cermak, Chicago, Illinois 60608 and that the money was stolen between February 20, 2019 and March 11, 2019. The Court does not find this testimony to be credible and it contradicts her March 6, 2019 assertion that she gave the money to Lawrence Lis.
>
> This Court finds that Jan's continued failure to (1) identify the entity or client that received the $250,000 she withdrew from her IOLTA Account and (2) identify the entity or the client involved in the business venture she testified received the $250,000 investment as outlined in the February 20, 2019 Order at Adv. Dkt No. 14 evidences Jan's continued civil contempt; incarceration is required to coerce her.
>
> Jan may purge her contempt by (1) identifying the entity or the client that received the $250,000 she withdrew from her IOLTA Account and (2) identifying the entity or the client involved in the business venture she testified received the $250,000.
>
> The Court requests the U.S. Marshal for the Northern District of Illinois to bring Jan Kowalski to court on Thursday, May 2, 2019 at 10:00 a.m. for a status hearing on the Civil Contempt Order against Jan Kowalski . . .

---

[3] Kowalski's notice of appeal is handwritten, and, in it, she references an order of April 17, 2019, a date on which the bankruptcy court did not enter any orders. The order attached to the notice of appeal is the April 9, 2019 order.

6

(Adversary Proceeding 19-ap-66, Docket [78] at 2-3). On April 23, 2019, Kowalski filed a notice of appeal as to that order, which is the subject of case no. 19-cv-2888.

The next notice of appeal Kowalski filed is in case no. 19-cv-2889. In her notice of appeal, which she filed on April 23, 2019, Kowalski states that she "seeks to appeal the April 23, 2019 Order entered after Judge Cox refused to entertain the case." (Case No. 19-cv-2889, Docket [1]). Judge Cox did not enter an order on that date.

The next order Judge Cox entered was on April 29, 2019, when she extended to June 11, 2019 the injunction that restrained Kowalski from disposing of the $250,000. (Adversary Proceeding 19-ap-66, Docket [100]). On April 29, 2019, Kowalski filed a notice of appeal as to this order, which is the subject of case no. 19-cv-3041.

On May 2, 2019, Judge Cox held another hearing. On May 10, 2019, Judge Cox entered an order, which said, among other things:

> On May 2, 2019, Jan asserted her Fifth Amendment Right not to testify.
>
> This Court finds that Jan's continued failure to (1) identify the entity or the client that received the $250,000 she withdrew from her IOLTA Account and (2) identify the entity or the client involved in the business venture she testified received the $250,000 investment as outlined in the February 20, 2019 Order at Adv. Dkt. No. 14 evidences Jan's continued civil contempt; incarceration is required to coerce her.
>
> Jan may purge her contempt by (1) identifying the entity or the client that received the $250,000 she withdrew from her IOLTA Account and (2) identifying the entity or the client involved in the business venture she testified received the $250,000.

(Adversary Proceeding 19-ap-66, Docket [135] at 2-3). On May 2, 2019, Kowalski filed a notice of appeal as to that order, which is the subject of case no. 19-cv-3098.

On May 23, 2019, Judge Cox released Kowalski from civil contempt. (Adversary Proceeding 19-ap-66, Docket [139]).

## II. Analysis

### A. Jurisdiction

Section 158(a) of Title 28 of the United States Code sets out this Court's jurisdiction to hear appeals of bankruptcy orders. It says:

> The district courts of the United States shall have jurisdiction to hear appeals
>
>     (1) from final judgments, orders and decrees;
>
>     \* \* \*
>
>     (3) with leave of court, from other interlocutory orders and decrees;
>
> of bankruptcy judges[.]

28 U.S.C. § 158(a). Thus, the Court must consider whether the orders from which Kowalski appeals are final or interlocutory. For the interlocutory orders, the Court has discretion to decide whether to allow Kowalski's appeals. *See e.g. In re Automotive Professionals, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007). In addition, pursuant to 28 U.S.C. § 158(c)(2) and Fed.R.Bankr.P. 8002(a)(1), a notice of appeal must be filed within 14 days after the Bankruptcy Court enters its order. The 14-day rule is jurisdictional. *In re: Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016).

Rule 8004 of the Federal Rules of Bankruptcy Procedure requires a party who files a notice of appeal with respect to an interlocutory order also to file a motion for leave to appeal that includes "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order[.]" Fed.R.Bankr.P. 8004(a) & (b). Kowalski has not done so. Nonetheless, the Court may still decide whether to allow the appeals. Rule 8004(d) says that where an appellant fails to file a motion for leave, "the district court or BAP may order the

8

appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Fed.R.Bankr.P. 8004(d).

The statute allowing district courts to take interlocutory appeals of bankruptcy orders does not set out a standard. Thus, district courts, when considering whether to allow an interlocutory appeal of a bankruptcy order, look to 28 U.S.C. § 1292(b), which sets out the standard district courts use in recommending interlocutory appeals to the courts of appeals. *See 880 S. Rohlwing Road, LLC v. T&C Gymnastics, LLC*, Case No. 16-cv-7650, 2017 WL 264504 at *4 (N.D. Ill. Jan. 19, 2017) (St. Eve, J.); *Wolf v. FirstMerit Bank, NA*, 535 BR 772, 775 (N.D. Ill. 2015); *In re Automotive*, 379 B.R. at 751. Section 1292(b) allows district courts to recommend an order for appeal when it "involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance the ultimate termination* of the litigation[.]" 28 U.S.C. § 1292(b) (emphasis added). "Interlocutory review is generally reserved for 'pure' questions of law—that is, 'abstract issue[s] of law. . . suitable for determination by an appellate court without a trial record.'" *880 S. Rohlwing*, 2017 WL 264504 at *4 (quoting *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)).

*Injunctions not to dispose of the $250,000.00*

In two of her eleven appeals, Kowalski seeks review of interlocutory orders enjoining her from disposing of the approximately $250,000.00 she testified that she had withdrawn in cash from her IOLTA Account. Specifically, in case no. 19-cv-2128, Kowalski seeks review of the February 21, 2019 order enjoining her from disposing of the money, and, in case no. 19-cv-3041, Kowalski seeks review of the April 29, 2019 order extending the injunction until June 11, 2019.

9

The notice of appeal in case no. 19-cv-2128 was untimely, so the appeal must be dismissed for that reason.

In any case, that order is not appropriate for interlocutory review. Kowalski's objection to the orders restraining her from disposing of the $250,000.00 seems to be that the money she withdrew constituted fees she had earned as an attorney, rather than property of the bankruptcy estate. (Case no. 19-cv-3041, Docket 6 at 10). That is a fact question, rather than a pure question of law. As such, these appeals are not appropriate for interlocutory review, and the Court declines to allow these appeals under 28 U.S.C. § 158(a)(3).

Accordingly, the Court hereby dismisses the appeals in case no. 19-cv-2128 and case no. 19-cv-3041 and closes those cases. In case no. 19-cv-2128, the motion for extension of time [5] and the motion for stay [6] are denied as moot. Also in case no. 19-cv-2128, Kowalski's habeas petition [8] is denied as moot, because it sought Kowalski's release only to attend a hearing on the motion to stay; the Court will not hold such a hearing. Likewise, in case no. 19-cv-3041, the Court denies as moot the motion for stay [6]. The Court also denies as moot the habeas petition [5], because it sought Kowalski's release only to attend a hearing on the stay, which hearing will not be held.

*Lawrence Lis order*

In case no. 19-cv-2133, Kowalski seeks to appeal Judge Cox's March 6, 2019 order in which she ordered Kowalski to have no contact with Lawrence Lis ("Lis"). Judge Cox entered the order after Kowalski testified that she had given the $250,000 to Lis. Upon Kowalski's testimony, Judge Cox released Kowalski from the custody of the U.S. Marshal and ordered her not to have contact with Lis, presumably to prevent Kowalski from trying to affect his testimony.

Weeks later, on March 20, 2019, Lis testified (credibly, according to the Bankruptcy Judge) that he had not received the money.

This appeal cannot proceed for a number of reasons. To begin with, the notice of appeal was not timely filed. Next, it is not clear that this order is still in effect, now that Lis has testified. If it is not, then the appeal is moot and should be dismissed for that reason. To the extent the order is still in effect, however, the order is not the proper subject of an interlocutory appeal. An appellate ruling on whether Judge Cox erred in ordering Kowalski not to speak to Lis after she testified that he had the $250,000 will not materially advance the ultimate termination of the litigation.

Accordingly, the Court dismisses the appeal in case no. 19-cv-2133 and closes the case. In case no. 19-cv-2133, the Court denies as moot the motion for extension of time [8], the motion for stay [4] and the habeas petition [6]. The habeas petition, like the others, sought Kowalski's release only to attend a hearing on the motion to stay. The Court is not holding a hearing on the (moot) motion to stay, so the habeas petition is moot.

*Motion to withdraw*

In case no. 19-cv-2131, Kowalski seeks review of Judge Cox's March 11, 2019 order. The only order Judge Cox entered that day was an order granting Kowalski's attorney's motion to withdraw. In her notice of appeal, Kowalski complains about being arrested outside Judge Cox's courtroom, but that was not due to Judge Cox's order, so this Court has no jurisdiction to review it. This Court has discretion to review the order granting the motion to withdraw, but the Court declines to do so. The Court discerns no controlling question of law as to which there is substantial difference of opinion, and, in any case, review of the order will not materially advance the case.

Accordingly, the Court dismisses the appeal in case no. 19-cv-2131 and closes the case. In case no. 19-cv-2131, the Court denies as moot the motion for stay [3], the motion for extension of time [7] and the habeas petition [5]. As was true in the other cases, the habeas petition in this case is moot, because it sought Kowalski's release only to attend a hearing on the motion for stay, which hearing will never be held.

*April 23, 2019*

In case no. 19-cv-2889, Kowalski filed a notice of appeal seeking "to appeal the April 23, 2019 Order entered after Judge Cox refused to entertain the case." (Case No. 19-cv-2889, Docket [1]). Judge Cox did not enter an order on April 23, 2019, according to the docket from the adversary proceeding, and the Court cannot discern from the notice of appeal or the docket sheet from the adversary proceeding any appealable order, let alone a contested issue of law that would materially advance the case.

Accordingly, the Court dismisses the appeal in case no. 19-cv-2889 and closes the case.

*Contempt orders*

The remaining six appeals seek relief from Judge Cox's orders holding Kowalski in contempt.

"Contempt sanctions come in two forms—criminal and civil." *Federal Trade Commission v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009). Criminal contempt is punitive, while civil contempt is remedial. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994). In *Bagwell*, the Supreme Court explained the difference:

> [C]ivil contempt, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt are required.

*Bagwell*, 512 U.S. at 827. "The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony'" or, as in this case, to answer questions. *Bagwell*, 512 U.S. at 828 (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)). With civil contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus, 'carries the keys of his prison in his own pocket.'" *Bagwell*, 512 U.S. at 828 (quoting *Gompers*, 221 U.S. at 442). By contrast, "a fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a 'completed act of disobedience.'" *Bagwell*, 512 U.S. at 828 (quoting *Gompers*, 221 U.S. at 443).

As the Seventh Circuit has said, "what starts as coercive can over time become punitive," where a contempt order loses its coercive effect, "leaving punishment as the sole justification for its maintenance." *United States v. Lippitt*, 180 F.3d 873, 877 (7th Cir. 1999). Impossibility is a defense to civil contempt, and a court cannot impose punishment where a contemnor establishes she is unable to comply. *Turner v. Rogers*, 564 U.S. 431, 442 (2011). On that defense, the "defendant has the burden of production." *United States v. Rylander*, 460 U.S. 752, 757 (1983). A party cannot establish inability to comply merely by asserting the Fifth Amendment privilege and refusing to put forth evidence of an inability to comply. *Rylander*, 460 U.S. at 758 ("[W]hile assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness such as Rylander declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production.").

A decision holding a party in criminal contempt is a final, appealable order, while a decision holding a party in civil contempt is not (unless, of course, the order it enforces was itself

an appealable order). *Central States SE and SW Areas Health and Welfare Fund v. Lewis*, 745 F.3d 283, 285-86 (7th Cir. 2014) ("A finding of civil contempt of a judicial order is appealable, even when it is interlocutory as in this case, *if but only if* the underlying order is appealable. Otherwise a litigant could obtain appellate review of *any* interlocutory order, at will, by defying it.") (emphasis added) (internal citations omitted); *Powers v. Chicago Transit Authority*, 846 F.2d 1139, 1141 (7th Cir. 1988) ("A line of cases dating to 1880 has it that an order holding a party in civil contempt is not a 'final decision' under § 1291. . . . A sanction in criminal contempt is appealable forthwith on the theory that it is the terminating order of a separate proceeding, the criminal prosecution. That is a venerable rule, dating from [1822].") (internal citations omitted).

With that in mind, the Court turns to the question of whether it has jurisdiction over the orders holding Kowalski in contempt. The first contempt order Kowalski appeals was entered February 20, 2019 and is the subject of case no. 19-cv-2126. In the order, Judge Cox stated that Kowalski had testified to having withdrawn $250,000 in cash from her IOLTA account and that she used the money to make a capital investment in a real estate venture with a client. (Adversary Proceeding 19-ap-66, Docket [14] at 2). Judge Cox noted that Kowalski refused to answer the question as to what entity or client had received the cash and held her in contempt. *Id*. Judge Cox ordered:

> The appropriate punishment is incarceration until the aforesaid contempt is purged, as the court deems appropriate. The respondent, Jan Kowalski, may purge her contempt by disclosing 1) the identity of the client or entity that received the approximately $250,000 and 2) the identity of the client or entity involved in the business venture.

(Adversary Proceeding 19-ap-66, Docket [14] at 2). It is clear that Judge Cox's order was an order of *civil* contempt, because Kowalski was given an opportunity to purge her contempt by

14

complying with the order. Because the order is a civil contempt order, it is not final. It can be appealed only if it meets the standard for interlocutory appeal.

Case no. 19-cv-2126 cannot proceed for three reasons. First, because Judge Cox has released Kowalski from civil contempt, the appeal is moot. Second, the notice of appeal was untimely. Third, Kowalski did not make any showing that the February 20, 2019 civil contempt order was suitable for interlocutory appeal. The Court discerns neither from the notice of appeal nor from the order itself any controlling question of law as to which there is substantial ground for difference of opinion. Thus, the order is not suitable for interlocutory review. *See In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 882-83 (D. Minn. 2012); *Oliner v. Kontrabecki*, 305 B.R. 510, 528-29 (N.D. Cal. 2004). Accordingly, the Court dismisses the appeal in case no. 19-cv-2126 and closes the case.

Judge Cox entered the next contempt order on March 20, 2019, and it is the subject of case no. 19-cv-2132. Judge Cox entered the order after hearing the testimony of Lawrence Lis, who testified that he had not, in fact, received the $250,000.00 from Kowalski. Judge Cox's order stated:

> Mr. Lis denied that [sic] received the approximately $250,000 from Jan Kowalski. His testimony was credible. Thus, Jan Kowalski has not answered the question posed by the Court and Trustee's counsel to identify the location of the approximately $250,000. She has not purged her contempt. She also offered false testimony under oath to be released from incarceration.

(Adversary Proceeding 19-ap-66, Docket [38] at 2). The order went on to provide that Kowalski could "purge her contempt by disclosing the location of or recipient of the approximately $250,000.00." (Adversary Proceeding 19-ap-66, Docket [38] at 2).

The March 20, 2019 order is clearly a *civil* contempt order. As with the prior order of civil contempt, Judge Cox gave Kowalski a chance to purge her contempt by disclosing the

15

location of or recipient of the $250,000 Kowalski had withdrawn in cash from her IOLTA Account. As a civil contempt order, it is not final. It can be appealed only as an interlocutory order. As with the prior contempt order, the Court declines to grant leave for interlocutory appeal of this order, because the Court does not discern from Kowalski's filings a controlling question of law as to which there is substantial grounds for disagreement. In any case, Judge Cox has released Kowalski from civil contempt, so the appeal is moot. Accordingly, the Court dismisses the appeal in case no. 19-cv-2132 and closes the case.

The next four contempt orders are different from the first two in that they were entered after Kowalski asserted her Fifth Amendment privilege against self-incrimination. The Bankruptcy Judge concluded that Kowalski waived her privilege by testifying and, thus, the contempt order remained coercive. Kowalski argues that the contempt orders have become punitive now that she has asserted her Fifth Amendment privilege against self-incrimination. In any case, Judge Cox has released Kowalski from civil contempt, so the appeals are moot. Accordingly, the Court dismisses the appeals in cases 19-cv-2557, 19-cv-2812, 19-cv-2888 and 19-cv-3098 and closes those cases.

**B.** *In forma pauperis*

Kowalski has not paid the filing fee with respect to any of her eleven appeals. In most (but not all) of her appeals, she has petitioned for leave to proceed *in forma pauperis* without prepayment of fees. Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, a Court considers both whether the petitioner has sufficiently demonstrated she is impoverished within the meaning of the statute and whether the complaint is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Kowalski has filed an affidavit with respect to her assets and income. She states that between May 2014 and February 2019, she earned $10,000.00 per month as a self-employed attorney. (This is basically consistent with her statement, in another filing, that she earned $250,000 in fees in 2017 and 2018. (Case no. 19-cv-2128, Docket [6] at 2).) This level of income is significantly higher (by a factor of at least four for a family of four) than federal poverty guidelines, which courts often use when considering whether to allow a party to proceed *in forma pauperis*. *See Johnson v. Mnuchin*, Case No. 17-cv-4248, 2017 WL 4585574 (N.D. Ill. Aug. 3, 2017). Kowalski, though, argues that this income will not continue, because she cannot represent clients from her cell. The Court agrees that Kowalski is unlikely to be able to continue working as an attorney if the ARDC gets wind that she made contrary statements under oath to a federal court (her testimony that she gave the $250,000 cash to Lawrence Lis is contrary to her testimony that the money was stolen). Despite Kowalski's averment that her monthly income exceeds her monthly expenses by roughly $6500.00 per month, Kowalski claims no longer to have any of the money she earned over the past five years. Specifically, she avers that she has no cash and her bank accounts have balances of $0.00. (She has $123.75 in her commissary account.) Kowalski has stated that some of her earnings (namely $250,000.00 in cash) were stolen, but she does not say whether that loss was insured or whether she might expect to recover some of the loss from her insurance company.

In any case, Kowalski has sufficient assets to pay the filing fees in these cases. To begin with, Kowalski avers that clients owe her an "undetermined" amount of money. In addition, her affidavit reflects that she has home equity of at least $50,000. Kowalski argues that she is enjoined from spending any money, but that is not so. She is enjoined only from disposing of the $250,000 cash she pulled from her IOLTA account, which, in any event, she claims was stolen.

17

She is not enjoined from using her other assets. Accordingly, the Court denies Kowalski's petitions to proceed *in forma pauperis* in these cases. *See Bradley v. Wisconsin Dep't of Children and Families*, Case No. 17-cv-509, 2017 WL 6502787 at *1 (E.D. Wisc. Sept. 14, 2017); *Jones v. International Assoc. of Bridge Structural and Reinforcing Iron Workers*, Case No. 10 C 560, 2010 WL 11492263 at *1 (E.D. Wisc. Sept. 9, 2010); *Doyle v. Warner Publisher Serv., Inc.*, Case No. 87 C 4154, 1988 WL 67633 at *1 (N.D. Ill. June 22, 1988); *Palazon v. KFC Nat'l Mgt. Co.*, Case No. 80 C 4916, 1981 WL 376 at *5 (N.D. Ill. Feb. 17, 1981).

Although all of Kowalski's appeals are being dismissed, she still owes the filing fees for all eleven.

### III. Conclusion

For the reasons set forth above, the Court dismisses the appeal in case no. 19-cv-2128 and closes the case. In case no. 19-cv-2128, the motions for extension of time [5], for leave to proceed *in forma pauperis* [4, 14] and for stay [6], as well as the habeas petition [8] are denied.

The Court dismisses the appeal in case no. 19-cv-3041 and closes the case. In case no. 19-cv-3041, the motion for stay [6] and the habeas petition [5] are denied.

The Court dismisses the appeal in case no. 19-cv-2133 and closes the case. In case no. 19-cv-2133, the Court denies as moot the motion for extension of time [8], the motion for stay [4] and the habeas petition [6]. In case no. 19-cv-2133, Kowalski's petitions for leave to proceed *in forma pauperis* [7, 15] are denied.

The Court dismisses the appeal in case no. 19-cv-2131 and closes the case. In case no. 19-cv-2131, the Court denies the motion for stay [3], the motion for extension of time [7] and the habeas petition [5]. In case no. 19-cv-2131, Kowalski's petitions for leave to proceed *in forma pauperis* [6, 15] are denied.

The Court dismisses the appeal in case no. 19-cv-2889 and closes the case. In case no. 19-cv-2889, Kowalski's petition for leave to proceed *in forma pauperis* [4] is denied.

The Court dismisses the appeal in case no. 19-cv-2126 and closes the case. In case no. 19-cv-2126, Kowalski's petition for leave to proceed *in forma pauperis* [12] is denied.

The Court dismisses the appeal in case no. 19-cv-2132 and closes the case. In case no. 19-cv-2132, Kowalski's petition for leave to proceed *in forma pauperis* [31] is denied.

The Court dismisses the appeal in case no. 19-cv-2557 and closes the case. In case no. 19-cv-2557, Kowalski's petition for leave to proceed *in forma pauperis* [11] is denied, and the motions for stay [3] and habeas relief [5] are denied.

The Court dismisses the appeal in case no. 19-cv-2812 and closes the case. In case no. 19-cv-2812, Kowalski's petition for leave to proceed *in forma pauperis* [5] is denied.

The Court dismisses the appeal in case no. 19-cv-2888 and closes the case. In case no. 19-cv-2888, Kowalski's petition for leave to proceed *in forma pauperis* [9] is denied, and the motions for stay [4] and habeas relief [6] are denied.

The Court dismisses the appeal in case no. 19-cv-3098 and closes the case.

SO ORDERED.                                          ENTERED: May 30, 2019

_____
JORGE L. ALONSO
United States District Judge